Filed 5/21/24  In re Pablo A. CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
## SECOND APPELLATE DISTRICT
### DIVISION FOUR

| | |
|---|---|
| In re PABLO A., A Person Coming Under the Juvenile Court Law. | B327164 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>T.F.,<br><br>     Defendant and Appellant. | Los Angeles County Super. Ct. No. 20CCJP05129 |

APPEAL from an order of the Superior Court of Los Angeles County, Mary E. Kelly, Judge. Dismissed.

Paul Couenhoven, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, Aileen Wong, Senior Deputy County Counsel, for Plaintiff and Respondent.

# INTRODUCTION

Mother, T.F., appeals from the juvenile court's order removing the child, Pablo. A., from her, releasing the child to father, Juan A., under supervision of the Department of Children and Family Services (Department), and ordering monitored visits for mother. After mother filed this appeal, the juvenile court terminated jurisdiction and entered an order granting mother and father joint legal custody, but ordered father sole physical custody of Pablo A. and monitored visits for mother (the exit order). Mother neither appealed from the exit order nor the order terminating jurisdiction.

After mother filed her opening brief on appeal, but before briefing was complete, the Department moved to dismiss the appeal on the ground that it is moot. We preliminarily denied the motion to dismiss the appeal but, on further consideration, we agree the appeal is moot, and we decline to exercise our discretion to reach the merits of the appeal. Accordingly, we dismiss the appeal as moot.

# DISCUSSION

"A case becomes moot when events "'render[ ] it impossible for [a] court, if it should decide the case in favor of [the party seeking redress], to grant him [or her] any effect[ive] relief.'" [Citation.] For relief to be 'effective,' two requirements must be met. First, the [party] must complain of an ongoing harm. Second, the harm must be redressable or capable of being rectified by the outcome the [party] seeks. [Citation.] [¶] This rule applies in the dependency context. [Citation.] A reviewing court must "'decide on a case-by-case basis whether subsequent events in a juvenile dependency matter make a case moot and whether

[its] decision would affect the outcome in a subsequent proceeding.""" (*In re D.P.* (2023) 14 Cal.5th 266, 276 (*D.P.*).)

"Even when a case is moot, courts may exercise their 'inherent discretion' to reach the merits of the dispute. [Citation.] As a rule, courts will generally exercise their discretion to review a moot case when 'the case presents an issue of broad public interest that is likely to recur,' 'when there may be a recurrence of the controversy between the parties,' or 'when a material question remains for the court's determination.'" (*D.P.*, *supra*, 15 Cal.5th at p. 282.) Specific to the dependency context, our Supreme Court has held that courts should consider the following factors when deciding whether to review a moot appeal: (1) whether the challenged order "'could be prejudicial to the appellant or could potentially impact the current or future dependency proceedings,' or "'could have other consequences for [the appellant][ ]'""" (*id.* at p. 285); (2) whether the order was "based on particularly pernicious or stigmatizing conduct[ ]" (*id.* at pp. 285-286); and (3) "why the appeal became moot." (*Id.* at p. 286.) "The factors above are not exhaustive, and no single factor is necessarily dispositive of whether a court should exercise discretionary review of a moot appeal." (*Ibid.*)

Mother challenges the November 2022 order removing the child from her custody and giving her monitored visitation, and the court's finding in April 2022 that continued jurisdiction was necessary. She argues the juvenile court abused its discretion when it removed the child from her custody solely because she failed to participate in services, and the court should have terminated jurisdiction in April 2022 because no facts in the record supported a finding that conditions existed that would justify dependency jurisdiction. In February 2023, however, the

3

juvenile court terminated jurisdiction and issued a custody order granting the parents joint legal custody, with father retaining sole physical custody of Pablo A., and monitored visits for mother.[1] We agree with the parties that mother's appeal is moot because mother did not appeal the later orders terminating dependency jurisdiction and awarding father sole physical custody with monitored visitation for mother. (See, e.g., *In re Rashad D.* (2021) 63 Cal.App.5th 156, 164 ["[I]n addition to the appeal from the jurisdiction finding, an appeal from the orders terminating jurisdiction and awarding custody is necessary for this court to be able to provide effective relief"].)

The sole justification mother offers to reach the merits of her moot appeal is that the issue raised is "important" and it is likely to be repeated but will evade review due to the speed with which dependency cases are resolved. If we adopted this rational, however, we would be hard pressed to identify a moot dependency appeal that, according to mother, would *not* warrant discretionary review on the merits. (See *D.P., supra*, 14 Cal.5th at p. 284 ["A key feature of the juvenile court is expeditious resolution of pending cases."].)

Mother's appeal does not present circumstances that generally warrant discretionary review of a moot case, such as an issue of broad public interest that is likely to recur, the likelihood of recurrence of the controversy between the parties, or a material question that remains for the court's determination. (See *D.P., supra*, 14 Cal.5th at p. 282.) Nor does it involve a

---

1      The court stayed its order terminating jurisdiction pending receipt of the juvenile custody order. The court received the juvenile custody order the following week and lifted its stay of the order terminating jurisdiction.

4

challenged finding that could potentially impact future dependency proceedings or one that is particularly pernicious or stigmatizing. (*Id.* at pp. 285-286.) Indeed, mother does not challenge the juvenile court's jurisdictional findings. Rather, her appeal is limited to a removal order which has since been superseded by an exit order that mother did not appeal.[2]

Our Supreme Court explained "no single factor is necessarily dispositive of whether a court should exercise discretionary review of a moot appeal" and ultimately, "a court should be guided by the overarching goals of the dependency system: 'to provide maximum safety and protection for children' with a 'focus' on 'the preservation of the family as well as the safety, protection, and physical and emotional well-being of the child.'" (*D.P., supra*, 14 Cal.5th at p. 286.) Reaching the merits in this case would not advance the goals of the dependency system. Accordingly, we decline to exercise our discretion to review mother's appeal.

---

2 We note that mother is not without a remedy. Under Welfare and Institutions Code section 302, subdivision (d), she may seek modification of the exit order if she can "demonstrate 'there has been a significant change of circumstances since the juvenile court issued the order and modification of the order is in the best interests of the child.'" (*In re Rashad D., supra*, 63 Cal.App.5th at p. 165, fn. 7.)

## DISPOSITION

The appeal is dismissed as moot.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, P. J.

We concur:

MORI, J.

ZUKIN, J.